381 P.2d 717

In the Matter of the ESTATE of Arthur J. WHEELWRIGHT, also known as Arthur John Wheelwright, also known as Bert Wheelwright, Deceased.

Glen A. Wheelwright et al., Appellants.

No. 9823.

Supreme Court of Utah.

May 27, 1963.

**226**

partition the real property, 4) the allowance of attorney's fees, and 5) an order authorizing the administrator to defend this appeal, such expenses to be determined after the appeal finally would have been resolved.

As to 1) : The widow in written and oral testimony related her needs, and the sum awarded seems to have been reasonable in light of her explanation as to expenditures of the Idaho funds and her present need for medical attention and other sundry necessary obligations.

Skeen, Worsley, Snow & Christensen, Salt Lake City, for appellants.

Tuft & Marshall, Robert M. McRae, Salt Lake City, for respondents.

HENRIOD, Chief Justice.

Appeal from a decree of distribution and orders entered during the administration of the estate. Affirmed with costs to respondents.

The deceased, resident of Idaho had assets there, as well as in Utah. Probate proceedings were initiated in both states. The widow was given a $300 per month family allowance in Idaho and $250 per month in Utah. Four sons of decedent by a former marriage unsuccessfully objected to 1) the Utah allowance, 2) an award of administrator's fees, 3) refusal of the court to

As to 2) : Appellants urge that such fees are incalculable without sale of the property. We think this contention untenable and unrealistic, else many estates in which heirs prefer preservation of the assets without sale, successfully could not have the estate distributed and closed without the necessary accounting. The appraised value of the estate, unattacked, as was the case here, together with adjustments for gains and losses, is that upon which statutory fees for a representative's services are bottomed.[1]

3) : The property consisted of four and two acre tracts and was oddly shaped. Buyers were sought but there were no takers. The evidence justified the trial court in distributing the parcels intact to the heirs without partition. That the court

1. Title 75–11–25, Title 75–7–1, Utah Code Annotated 1953.

did not consider the request for partition does not seem to be borne out by the record, which indicates that there was considerable evidence as to inadvisability of partitioning the property.

■ 4) : The lower court used as a yardstick for allowing attorney's fees generally the Salt Lake County Bar Association's fee schedule, which is considered reasonable by Bench and Bar, and it does not appear that the trial court abused its discretion in awarding an additional sum for extraordinary services rendered in this case where distant trips were necessary, mostly because of internecine difficulties between natural heirs and a second wife of decedent. A few of the items claimed as being in the nature of extraordinary services technically may have been subject to some debate, but we do not believe they were sufficiently so as to amount to an abuse of discretion in recognizing them as such.

■ 5) : The court certainly abused no discretion in authorizing the representative to defend the proceedings on appeal in an effort to preserve, if possible, the integrity of the administration of the estate prior to distribution thereof. This particularly in view of the fact that the court deferred the matter pending appeal.

McDONOUGH, CALLISTER, CROCKETT and WADE, JJ., concur.